820 A.2d 100

JOSEPH LOPEZ AND ARLENE LOPEZ, PLAINTIFFS–APPELLANTS, v. GILLIAN'S PIER A/K/A GILLIAN'S WONDERLAND PIER, DEFENDANT–RESPONDENT.

SCHWARZKOFF COMPANY, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Submitted March 25, 2003—Decided April 15, 2003.

Before Judges PRESSLER, WALLACE, JR. and HOENS.

*Santore and Kenny*, attorneys for appellants (*Louis J. Santore and Danielle S. Petito*, on the brief).

*Barry, McTiernan and Moore*, attorneys for respondents (*Richard W. Wedinger*, of counsel and on the brief).

The opinion of the court was delivered by

HOENS, J.A.D.

Plaintiffs Joseph and Arlene Lopez appeal from the trial court's denial of their motion for reconsideration of an order dismissing their complaint. We affirm.

Plaintiff Joseph Lopez contends that he was injured on August 22, 1998, while riding on a roller coaster owned and operated by defendant Gillian's Pier, a/k/a Gillian's Wonderland Pier (Gillian's). Lopez, an orthopedic surgeon, contends that the ride stopped abruptly, causing his head to jolt back and forth. He claims that, because he was unaware of his injury at the time, he did not report the incident to the management of the amusement park and did not file an accident report. He contends that later that evening, he began to experience progressive neurological symptoms and was admitted to the hospital where doctors determined

that he had suffered a stroke. On May 28, 1999, one of his physicians issued a letter stating that his stroke was due to "the dissection of the right vertebral artery. Dissections may be traumatic or may occur spontaneously. In a few cases, riding on a roller coaster has been implicated as the cause of the dissection." Lopez retained counsel in October 1999 and was examined by an expert neurologist who issued a report on November 12, 1999 concluding that the roller coaster ride had probably caused the injury. His initial complaint, naming the amusement park and another defendant, was filed in May 2000 but was never served. His amended complaint was filed in October 2000 and served on defendant Gillian's on November 21, 2000.

After initial discovery was completed, Gillian's moved to dismiss the complaint on the ground that plaintiffs had failed to comply with the notice provisions of the Carnival Amusement Rides Safety Act (CARSA), *N.J.S.A.* 5:3–31 *et seq.* The motion judge granted the motion and denied plaintiffs' motion for reconsideration, setting forth his reasons in a written decision. On appeal, plaintiffs contend that the judge erred in failing to afford them the benefit of the discovery rule and that CARSA violates the equal protection guarantees of the federal and state constitutions by denying injured plaintiffs access to the court and by drawing an unfair distinction in favor of amusement parks to the detriment of other businesses. We disagree.

CARSA governs the operation of all carnival and amusement rides in New Jersey. *N.J.S.A.* 5:3–31 *et seq.* It includes a provision that mandates filing of an accident report with the operator of the park as a precondition to filing a suit for personal injury. *N.J.S.A.* 5:3–57(a). That section requires that the accident report be in writing, specifies the information that it must include, and requires that the report be filed with the park operator within ninety days from the time of the incident leading to the injury. *N.J.S.A.* 5:3–57(a) and (c). Moreover, the statute requires each amusement park to maintain one or more designated locations to facilitate the filing of the reports, specifies the

appropriate level of staffing for the office where the reports are filed and describes the manner of identifying the location of the place designated for filing reports. *N.J.S.A.* 5:3–57(b).

CARSA specifically provides that the park operator may not claim the protection of the reporting requirement unless it has conspicuously posted notices of the reporting requirement and the statute specifies the contents and locations where the notices are required to be posted. *N.J.S.A.* 5:3–57(a) and (c). It is undisputed that the defendant park operator posted the required notices and maintained an office to facilitate the filing of the accident reports as required by the statute. CARSA further provides, however, that the ninety-day notice period may be extended to permit filing of the report within one year of the accident. That extension may be granted by a judge, based upon a motion demonstrating "sufficient reason" for failing to file the report, and upon a finding that the operator of the park is not "substantially prejudiced" by that failure. *N.J.S.A.* 5:3–58.

Applying the language of the statute to plaintiffs, the incident complained of occurred on August 22, 1998. The ninety-day notice period expired on November 20, 1998. That period could have been extended by a judge to permit filing of the accident report within one year, that is, on or before August 21, 1999. Here, it is undisputed that plaintiffs did not file a notice within ninety days and never asked for an extension of time to file that notice. In fact, they never filed the required notice at all. The first notification about the accident to the park operator was the service of the amended complaint on November 21, 2000, some two years after the day on which the notice should have been filed and fifteen months after the time when the notice could have been filed had a judge so ordered.

Plaintiffs' contention that they should have been given the benefit of the discovery rule is without merit. First, the motion judge considered the discovery rule and analyzed the timeliness of the complaint in that context. He held, and we agree, that even giving plaintiffs the benefit of the application of the discovery rule

their complaint was untimely. Contrary to plaintiffs' assertion, the receipt of the report of the expert neurologist connecting the injury to the amusement park ride in November 1999 is not the operative date for the accrual of the cause of action. Rather, the correct analysis of the operation of the discovery rule must be judged from May 28, 1999, the date on which plaintiff's treating physician alerted him to the connection between the injury and the roller coaster ride. *See, e.g., Vispisiano v. Ashland Chem. Co.,* 107 *N.J.* 416, 437, 527 *A.*2d 66 (1987); *Gallagher v. Burdette–Tomlin Hosp.,* 318 *N.J.Super.* 485, 496, 723 *A.*2d 1256 (App.Div. 1999), *aff'd,* 163 *N.J.* 38, 747 *A.*2d 262 (2000); *Brizak v. Needle,* 239 *N.J.Super.* 415, 427, 571 *A.*2d 975 (App.Div.), *certif. denied,* 122 *N.J.* 164, 584 *A.*2d 230 (1990). At the time when he received that evaluation, the extended one-year period permitted under the statute for the filing of the accident report had not expired. *See N.J.S.A.* 5:3–58. Plaintiffs, however, neither gave the required notice to the operator nor sought the relief from the ninety-day provision permitted in the statute. Thus, even applying the discovery rule analysis to this complaint and this notice provision, plaintiffs' failure to act cannot be excused.

Nor do we perceive any constitutional infirmity in the statute itself. The essence of this claim is that the notice provision precludes persons who are unaware of their injuries from filing meritorious claims. Simply put, plaintiffs' contention is that they were denied access to the courts by the operation of a period of limitations which expired before they had reason to believe that they had a cause of action. As we noted in our review of the facts, plaintiffs were alerted to the connection between the roller coaster ride and the injury within sufficient time to give the notice required by the statute but failed to do so. In light of our reluctance to reach a constitutional question unless it is necessary for the proper disposition of the matter, *see In re Petition of New Jersey Amer. Water Co.,* 169 *N.J.* 181, 777 *A.*2d 46 (2001); *McCann v. Clerk of Jersey City,* 338 *N.J.Super.* 509, 770 *A.*2d 723

(App.Div.2001), we need not address the contention of unconstitutionality further.

Affirmed.